UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| OYENOKACHIKEM CHARLES OSAMOR, | § | |
| Plaintiff, | § | |
| v. | § | |
| CHANNEL 2 NEWS, | § | |
| KPRC TV, | § | |
| KPRC CAMERA MAN, | § | |
| KPRC REPORTER, | § | |
| KPRC PRODUCER, | § | |
| CNN, | § | Civ. No.: _____ |
| CNN PROGRAM PRODUCER, | § | |
| CNN PROGRAM DIRECTOR, | § | |
| A&E TV NETWORK, | § | |
| A&E PROGRAM PRODUCER, | § | |
| A&E PROGRAM DIRECTOR, | § | |
| USPI MATTHEW BOYDEN, | § | |
| USPI MOWERY, | § | |
| USPI ALPIZAR, | §. | |
| and | § | |
| OTHERS UNKNOWN. | § | |
| Defendants. | § | |

---

## COMPLAINT FOR DAMAGES

---

COMES NOW, Oyenokachikem Charles Osamor, Plaintiff, and for his cause of action states the following:

I

Plaintiff is an incarcerated inmate confined at the Federal Bureau of Prisons, Satellite Camp, P.O.Box 9000, Seagoville, Texas 75159-9000 in the Northern District of Texas.

II

Plaintiff is a pro se prisoner. Pro se prisoner complaints "however inartfully pleaded" are held to "less stringent standards than formal pleadings drafted by

lawyers." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

III

Defendants' names, official positions, employment, and mailing addresses are stated as follows: Channel 2 News Houston, P.O.Box 2222, Houston, Texas 77252-2222; KPRC TV, P.O.Box 2222, Houston, Texas 77252-2222; KPRC TV Cameraman (KPRC TV employee - name unknown), P.O.Box 2222, Houston, Texas 77252-2222; KPRC TV Reporter (KPRC TV employee - name unknown), P.O.Box 2222, Houston, Texas 77252-2222; KPRC TV Producer (KPRC TV employee - name unknown), P.O.Box 2222, Houston, Texas 77252-2222; CNN, 1 Chase Manhattan Plaza, New York, N.Y. 10005; CNN Program Producer (CNN employee - name unknown), 1 Chase Manhattan Plaza, New York, N.Y. 10005; CNN Program Director (CNN employee - name unknown), 1 Chase Manhattan Plaza, New York, N.Y. 10005; A&E TV Network, 235 E. 45th Street, New York, N.Y. 10017; A&E TV Network Program Producer (A&E TV employee - name unknown), 235 E. 45th Street, New York, N.Y. 10017; A&E TV Network Program Director (A&E TV employee - name unknown), 235 E. 45th Street, New York, N.Y. 10017; USPI Matthew Boyden, P.O.Box 1276, Houston, Texas 77251-1276; USPI Mowery, P.O.Box 1276, Houston, Texas 77251-1276; USPI Alpizar, P.O.Box 1276, Houston, Texas 77251-1276.

Defendants, United States Postal Inspectors Boyden, Alpizar, and Mowery were at all times relevant hereto, officers and employees of the United States Department of Justice - United States Postal Inspection Service, 1735 North Lynn Street, 4th Floor, Arlington, VA 22209, and were at all times herein mentioned acting within the scope, course and authority of said service and employment.

Defendants, Channel 2 News and KPRC TV were at all times herein mentioned corporations duly organized and existing under virtue of the laws of the State of Texas and licensed and authorized to do business in the State of Texas, having its principal office in the city of Houston and the county of Harris.

Defendants, CNN and A&E TV Network were at all times herein mentioned corporations duly organized and existing under virtue of the laws of the State of New York and licensed and authorized to do business in the State of Texas.

At all times herein mentioned, each of the corporate employee defendants were agents, and employees of each of the corporations and were at all times herein mentioned acting within the scope, course and authority of said corporation, service and employment.

IV

The true names or capacities, whether individuals, corporate, associate, or

2

otherwise, of identified defendants, are unknown at the time of the filing of
this complaint to plaintiff, who therefore sues said defendants by such "fictitious
names" and will ask leave of court to amend this complaint to show their true
names or capacities when the same have been ascertained. Plaintiff is informed
and believes, and based upon such information and belief, alleges that each
defendant designated herein was responsible, negligent or in some other actionable
manner, for the events referred to herein that proximately caused injury to
plaintiff as hereinafter alleged. Plaintiff further reserves the right to ask
leave of court to amend this complaint to enjoin additional defendants as information
is made available of the knowledge of other defendants not currently known.

V

This court has jurisdiction of this matter by virtue of 28 U.S.C. 1331, 1367
for constitutional tort claims for violations of the Fourth Amendment of the
United States Constitution; Bivens v. Six Unknown Agents of the Federal Bureau of
Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) ("Bivens");
42 U.S.C. 1983, Civil action for deprivation of rights; 42 U.S.C. 1985, Conspiracy
to interfere with civil rights; 42 U.S.C. 1988, Proceedings in vindication of civil
rights; and 28 U.S.C. 1346, 2671-80, Federal Tort Claims Act ("FTCA"). Additionally,
for complaints under State Law for trespass, negligence, defamation, impairment
of reputation, personal humialiation, intentional infliction of emotional distress,
and violations of the constitution for the State of Texas.

Venue is vested by the virtue of the provisions of 28 U.S.C. 1391(b).

STATEMENT OF CLAIM

On September 23, 2001, at 8:05 p.m., defendants, Boyden, Mowery, and Aplizar,
were ordered to conduct a search for, and seizure of certain items at plaintiff's
home, 3636 W. Clay, #E, Houston, Texas 77019, pursuant to a seizure warrant issued
by United States Magistrate Judge Nancy Johnson.

I

Plaintiff was not present during the execution of the search warrant. Plaintiff
has a reasonable expectation of privacy in his home even under the authority of
a search warrant executed in his absence. Plaintiff did not give his authorization
for third party presence in his home during the execution of the search warrant.
Plaintiff did not give authorization to any of the defendants for the use of any
likeness of him, or photographs of him, or photographs of intimate items from his
home, or any video recordings of intimate items from his home, or use of any
of his personal belongings, for any part of their program broadcasts.

3

II

All defendants, individually, and collectively, conspired with, and aided and abetted one another to violate plaintiff's rights. The acts and omissions which proximately caused plaintiff's claims began on September 23, 2001, and continued through at least March, 2009.

III

Agent Boyden was the affiant for the affidavit in support of the issuance for the search warrant. Boyden stated in prior proceedings before United States District Court Judge Lee H. Rosenthal, that after the warrant was issued, he notified the United States Postal Inspection Service Media Representative, who then informed the media that a search warrant was going to be executed at plaintiff's home. In this proceeding Boyden stated that Channel 2 News Media was permitted to take photographs ("photos") and record a video ("video") during the execution of the search warrant inside plaintiff's home. Agents Boyden, Mowery, and Alpizar conducted the search on plaintiff's home and invited Channel 2 News Media inside plaintiff's home during the execution of the search warrant.

The agents acts or omissions provided Channel 2 News Media actual presence inside plaintiff's home. The agents' acts or omissions permitted Channel 2 News Media to obtain by use of their photograhic cameras and video recorders information about the interior of plaintiff's home that which could not otherwise have been obtained.

IV

Channel 2 News Media Cameraman and Reporter operated a  photograhic camera, video camera, and sound recording devices as they followed the agents during the search of plaintiff's home. Channel 2 News Media Cameraman and Reporter were permitted to make close-up video tapes and photographs of agents searching plaintiff's personal effects. The Channel 2 News Cameraman and Reporter were permitted to take photos and video for an extended period of time.

V

The search warrant made no mention of such a media assistance, invitation, participation, or presence inside of plaintiff's home. The presence of Channel 2 News Media was not related to the objective of the authority under the warrant. Channel 2 News Media did not assist the agents in the execution of the search warrant. The photograhic cameras and video recorders were intrusive devices used to invade plaintiff's privacy. These intrusive devices showed visual images and intimate details of plaintiff's home that would normally not be visible to the general public without intrusion.

4

VI

On September 23, 2001, Channel 2 News showed a video broadcast of the search and seizure inside of plaintiff's home on the 6:00 p.m. evening news. The broadcast included plaintiff's personal photos and other personal items from the search and seizure conducted at plaintiff's home. Channel 2 News has rebroadcast and continues to rebroadcast the video and portions of the video numerous times· since its recording at least through March 2009.

VII

Channel 2 News Media created the photos and video which was used to misrepresent facts about plaintiff and plaintiff's home and his personal belongings in other to portray plaintiff in a false light. The purpose of Channel 2 News Media's presence inside of plaintiff's home was to take photographs, make video and sound recordings for their commercial broadcast and rebroadcasts of the execution of the search warrant at plaintiff's home.

Channel 2 News has established rebroadcast agreements of the photos and videos with several local, national, and international media agencies. The quest of Channel 2 News Media for on-the-scene coverage proximately caused plaintiff's injuries.

VIII

The agents acts or omissions caused Channel 2 News Media, CNN, A&E TV, and others to have possessions of intimate items from the search and seizure of plaintiff's home which have been used in their respective broadcasts. Agents actively procured Channel 2 News Media, CNN, A&E TV, and others for television programs about plaintiff. The agents' personal interests, the government agency's interests, and the respective media organizations' interests in promoting their own image(s) proximately caused plaintiff's injuries.

Agent Boyden and others participated in staged interviews for the benefit of the camera for use by local, national, and international media organizations, including the media defendants herein mentioned. These interviews included references to the photos and videos of intimate items from the search and seizure conducted at plaintiff's home. These interviews usually misrepresented facts about the photos, videos, judgment, personal items of plaintiff and plaintiff's home in order to portray him in a false light. The clear purpose of inviting Channel 2 News Media into plaintiff's home was to permit public broadcast of plaintiff's private premises and thus to magnify needlessly the impairment of plaintiff's right to privacy.

The agents participated with Channel 2 News, CNN, A&E TV, and others in a

5

joint activity for a common goal.

IX

Beginning on or about September 2004 and continuing at least through March 2009, CNN has broadcast its program "How to Rob a Bank" on its local, National, and international networks. CNN misrepresented facts about photos, videos, judgment, personal items of plaintiff, including items from the search and seizure conducted at plaintiff's home in order to portray him in a false light in its broadcast program. The clear purpose of the agents' interviews with CNN was to assist in misrepresenting facts, portray plaintiff in a false light, and impair plaintiff's right to privacy for the commercial benefit of CNN.

X

Beginning on or about August 2007 and continuing at least through March 2009, A&E TV Network broadcast its program "Mastermind" in its local, national, and international networks. A&E TV misrepresented facts about photos, videos, judgment, personal items of plaintiff, including items from the search and seizure conducted at plaintiff's home in order to portray him in a false light in its broadcast program. The clear purpose of the agents' interviews with A&E TV was to assist in misrepresenting facts, portray plaintiff in a false light, and impair plaintiff's right to privacy for the commercial benefit of A&E TV Network.

XI

Defendants used and caused to be used, plaintiff's origin and ethnicity to portray him in a false light in order to further each of their respective personal and commercial gains.

XII

The broadcast programs from CNN and A&E TV included use of intimate photos from plaintiff's home, and personal and business documents which were seized from plaintiff's home. CNN and A&E TV has produced several editions of each of their respective programs and has contracted with other networks for rebroadcasts of each of their respective programs for commercial gains. CNN and A&E TV have had numerous subsequent rebroadcasts of each of their respective programs through their own networks and other networks. CNN sells for profit videotape copy of its program "How to Rob a Bank", including transcripts for a fee. CNN, A&E TV, and other networks have used the video footage and photos as part of its regularly scheduled programs and commercial advertisements for other programs with similar subject matter.

## REQUEST FOR RELIEF

### I

As a proximate result of the negligence, or wrongful acts or omissions of Boyden, Mowery, and Alpizar, defendants herein described, plaintiff's Fourth Amendment Right was violated which caused current, and emotional injury, and will continue to cause injury and future emotional injury. Plaintiff seeks COMPENSATORY DAMAGES in the amount of $5,000,000.00 (Five Million Dollars) from each of the defendants and $1,000,000.00 (One Million Dollars) in PUNITIVE DAMAGES from each of the defendants.

### II

As a further and proximate cause of the negligence, or wrongful acts or omissions of Channel 2 News, KPRC TV, KPRC TV Cameraman, KPRC TV Reporter, KPRC TV Producer, CNN, CNN Program Producer, CNN Program Director, A&E TV Network, A&E TV Program Producer, A&E TV Program Director, and Others, defendants herein described, plaintiff suffered the following injuries: violation of his Fourth Amendment United States Constitutional Rights; violation of his Constitutional Rights under the State of Texas; trespass; slander; defamation; impairment of reputation; personal humiliation; and intentional infliction of emotional distress. Plaintiff seeks COMPENSATORY DAMAGES in the amount of $50,000,000.00 (Fifty Million Dollars) from each of the defendants and $5,000,000.00 (Five Million Dollars) in PUNITIVE DAMAGES from each of the defendants.

### III

Plaintiff seeks other such relief as it may appear that plaintiff is entitled as deemed necessary by the court.


August 24, 2009.

Respectfully Submitted,

Oyenokachikem Charles Osamor

97978-079

Satellite Camp

P.O.Box 9000

Seagoville, Texas 75159-9000


## PLAINTIFF'S DECLARATION

I solemnly swear under penalty of perjury 28 U.S.C. 1746 that to the best of knowledge the foregoing claims in this action are true and correct, except as to those matters upon which I rely on information and belief, and as to those matters I do believe them to be true.

7

August 24, 2009.

_____
Oyenokachikem Charles Osamor

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing action has been sent through the
United States mail by depositing with first class prepaid postage on August 24, 2009
to the following:

1.      Channel 2 News,                          P.O.Box 2222
        KPRC TV,                                 Houston, Texas 77252-2222
        KPRC TV Cameraman,
        KPRC TV Reporter,
        KPRC TV Producer.

2.      CNN,                                     1 Chase Manhattan Plaza
        CNN Program Producer,                    New York, N.Y. 10005
        CNN Program Director.

3.      A&E TV Network,                          235 E. 45th Street
        A&E TV Program Producer,                 New York, N.Y. 10017
        A&E TV Program Director.

4.      USPI Matthew Boyden,                     P.O.Box 1276
        USPI Mowery,                             Houston, Texas 77251-1276
        USPI Alpizar.

_____
Oyenokachikem Charles Osamor



OYENOKACHIKEM CHARLES OSAMOR
97978-079
Satellite Camp
P.O.Box 9000
Seagoville, Texas 75159-9000

United States Courts
Southern District of Texas
FILED

AUG 2 7 2009

Clerk of Court

first class

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
P.O.Box 61010
HOUSTON, TEXAS 77208

LEGAL MAIL