IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OYENOKACHIKEM CHARLES OSAMOR, | § | |
| FCI NO.97978-079, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-09-2788 |
| | § | |
| CHANNEL 2 NEWS, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISAL

       Plaintiff Oyenokachikem Charles Osamor, a federal inmate proceeding *pro se* and *in forma pauperis*, has filed a complaint pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. §§ 1983, 1985, 1988, the Federal Torts Claims Act, and Texas law. Plaintiff seeks compensatory and punitive damages from corporate news entities and personnel and three United States postal inspectors. (Docket Entry No.1). For the reasons to follow, the Court will dismiss plaintiff's federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and his state law claims without prejudice.

CLAIMS

       On December 17, 2002, plaintiff was found guilty by a jury of one count of conspiracy to possess stolen mail, to transport stolen property in interstate commerce and to commit mail fraud in violation of 18 U.S.C. § 371, one count of conspiracy to launder funds in violation of 18 U.S.C. § 1956(h), twelve counts of mail fraud and aiding and abetting mail fraud in violation of 18 U.S.C. § 1341, and nine counts of possessing stolen mail and aiding and abetting possession of stolen mail in violation of 18 U.S.C. § 1708. *United States v. Osamor*, No.4:01-cr-0764 (S.D. Tex.). On June 18, 2003, the court entered a sentence, which was amended on January 21, 2007. By such amendment, plaintiff was sentenced to confinement in

the Federal Bureau of Prisons for a total of 156 months followed by several years of supervised release. *Id.* at Docket Entries No.92, No.173. He was also assessed a fine of $2,500.00 and restitution of $119.000.00. *Id.* at Docket Entry No.173. The Fifth Circuit affirmed plaintiff's conviction and sentence. *United States v. Osamor*, 271 Fed. Appx. 409 (5th Cir. 2008). Plaintiff's Motion to Vacate pursuant to 28 U.S.C.§ 2255 is currently pending in federal court. *United States v. Osamor*, No.4:01-cr-0764 (S.D. Tex.) (Docket Entry No.202).

Plaintiff's claims in the present civil complaint stem from the initial search and seizure of property from his home in connection with the aforementioned criminal prosecution. Plaintiff claims that on September 23, 2001, a federal magistrate judge authorized United States Postal Inspector Matthew Boyden and Agents Mowery and Alpizar to execute a search warrant for plaintiff's home and to seize certain items located there. (Docket Entry No.1). Plaintiff claims that after the warrant issued, Agent Boyden notified the United States Postal Inspection Service Media Representative, who informed the media about the execution of the warrant at plaintiff's home. (*Id.*). Although the warrant made no mention of media participation or presence, Channel 2 News media was allowed to photograph and record a video of the actual search inside plaintiff's home on September 23, 2001, and of the contents of the home. (*Id.*). Channel 2 News then broadcast the video recording on its 6:00 p.m. news program the same day. (*Id.*).

Plaintiff contends that Channel 2 News Media has re-broadcasted the video recording or portions of the recording numerous times and entered into agreements with several local, national, and international media agencies to use the footage in their respective broadcast programs about plaintiff. (*Id.*). Plaintiff maintains that Agent Boyden and others participated in staged interviews to benefit the production of television programming about plaintiff.

Plaintiff contends that on or about September 2004, through March 2009, Cable News Network ("CNN") broadcast a program entitled "How to Rob a Bank," which contains the footage obtained by Channel 2 News and interviews by Agent Boyden and others. He also contends that from August 2007, through March 2009, A&E Television Networks ("AETN") broadcast its program, "Mastermind," which contains the same. (*Id.*). Plaintiff claims that the television news organizations have misrepresented facts about the photographs, video recordings, and plaintiff's personal items to portray him in a false light and to further their respective personal and commercial gains. (*Id.*).

Based on the foregoing, plaintiff seeks monetary relief from defendants Channel 2 News, KPRC TV, KPRC camera man, KPRC reporter, KPRC producer, CNN, CNN program producer, CNN program director, AETV, A&E program producer, A&E program director, United States Postal Inspectors Matthew Boyden, Mowery, and Alpizar, and others unknown on the following claims:

1. Defendants violated plaintiff's Fourth Amendment rights in the manner in which they executed the search of his home;

2. Defendants violated plaintiff's rights under the Texas Constitution, and committed trespass, slander, defamation, impairment of reputation, personal humiliation, and intentional infliction of emotional distress.

(*Id.*).

## DISCUSSION

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c) and 28 U.S.C. §

1915(e)(2)(B).  An action is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist."  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (internal citations and quotations omitted).  A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face.  *Id.* at 570.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*.

Federal Civil Rights Claims

Plaintiff indicates that his claims arise under Title 42 U.S.C. §§ 1983, 1985, and 1988. Section 1983 creates a private cause of action for violations of federal constitutional rights perpetrated by any person acting under color of state law.  42 U.S.C. § 1983.  State tort claims, however, are not actionable under federal law; a plaintiff under § 1983 must show deprivation of a federal right by a state actor.  *See Nesmith v. Taylor*, 715 F.2d 194, 195 (5th Cir. 1983).

Plaintiff, therefore, cannot proceed under § 1983 on his state tort claims.  Likewise, he cannot proceed on his Fourth Amendment claim under § 1983 because none of the defendants, in this case, are state actors.

Plaintiff also fails to state a cognizable civil conspiracy claim under 42 U.S.C. § 1985.  A conspiracy under 42 U.S.C. § 1985 must aim at a deprivation of the equal protection of the law.  *Griffin v. Brechenridge*, 403 U.S. 88, 102 (1971).  Section 1985 is comprised of three subsections.  Section 1985(1) is limited in scope to actions preventing federal officers from performing official duties and therefore, is inapplicable to this case.  Sections 1985(2) and 1985(3) require an allegation of a race-based or class-based discrimination.  *Ryland v. Shapiro*, 708 F.2d 967, 973 n.7 (5th Cir. 1983) (noting requirement race-based on class-based animus in claims under § 1985(2), which applies to conspiracies to obstruct justice in state courts); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001) (noting requirement of race-based or class-based conspiracy for claim under § 1985(3)).  A liberal construction of plaintiff's complaint reveals no facts that could indicate any racial or class-based motive for the allegedly illegal search and seizure or for the distribution and publication of photographs and film footage by media defendants that would give rise to a claim under 42 U.S.C. § 1985.

Finally, plaintiff cannot rely on § 1988 to bring a cause of action against defendants.  Section 1988 does not create a federal cause of action for deprivation of constitutional rights.  *Harding v. American Stock Exchange, Inc*., 527 F.2d 1366, 1370 (5th Cir. 1976).  Therefore, plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1988 are subject to dismissal.

Plaintiff also seeks relief under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Under *Bivens*, a person may sue a federal agent for

money damages when the federal agent has allegedly violated that person's constitutional rights. *Id.*. A *Bivens* action is analogous to an action under 42 U.S.C. §1983 except that §1983 applies to constitutional violations by state, rather than federal, actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). Analysis of a *Bivens* claim therefore "parallel[s] the analysis used to evaluate state prisoner's §1983 claims." *See Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994) (citation omitted).

Plaintiff, however, fails to state a *Bivens* claim against the corporate and media defendants in this case because they are not federal actors. Furthermore, he cannot proceed on his state tort claims in this case under *Bivens*. Such claims, therefore, are subject to dismissal.

Plaintiff's Fourth Amendment claim against the three United States postal inspectors is also subject to dismissal because it is time-barred.[1] The statute of limitations applicable to a *Bivens* action in Texas law is two years. *Brown v. Nationsbank Corp*., 188 F.3d 579, 590 (5th Cir. 1999). A *Bivens* cause of action accrues "when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A plaintiff has "a complete and present cause of action" when "the plaintiff can file suit and obtain relief." *Id.*

Plaintiff's Fourth Amendment claim concerns events that occurred more than two years before the present action was filed. Plaintiff's home was searched by federal agents pursuant to a warrant on September 23, 2001. Although plaintiff was not present when agents searched his home, a Memorandum of Law in Support of Amended Motion to Suppress filed in criminal proceedings shows that plaintiff voiced his complaints about the execution of the search warrant and media action no later than August 23, 2002. *United States v. Osamor*, No.4:01-cr-0764 (Docket Entry No.44). Arguably, plaintiff's *Bivens* claim accrued no later than August 23,

---

[1] In suits brought by prisoners, such as plaintiff, who have not paid the filing fee in advance, the defense of limitations may be raised by the court. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

2002, and expired within two years thereafter. The present suit filed in August 2009, years after limitations expired, is therefore, time-barred. Accordingly, plaintiff's Fourth Amendment claim is subject to dismissal because of the limitations bar.

Federal Torts Claims Act

The Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 2671 to 2680, constitutes the federal government's waiver of its immunity to a variety of suits and sets forth the specific conditions of that waiver. *Johnston v. United States*, 85 F.3d 217, 218-19 (5th Cir. 1996). With some exceptions, the FTCA provides that the United States is liable in tort for certain damages caused by the negligence of any employee of the Government "'if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id*. at 219. Plaintiff's pleading do not show that the news media defendants are federal employees; therefore, he fails to state a cognizable claim against them under the FTCA.

While substantive state law determines whether a cause of action exists, federal law governs the statute of limitations with respect to claims arising under the FTCA. *Id*. The FTCA mandates the following:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). "Although phrased in the disjunctive, 'this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial.'" *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir .2001) (quoting *Houston v. United States Postal Serv*., 823 F.2d 896, 902 (5th Cir. 1987)) (emphasis in original). The six-

month limitations period does not begin to run until the agency has made a final administrative determination of the claim; "if, however, after six months from filing, the agency has not finally ruled, the claimant may treat the agency's failure to act as a final denial and he may file his suit at any time thereafter." *McCallister v. United States*, 925 F.2d 841, 843-44 (5th Cir. 1991).

"A cause of action under federal law accrues within the meaning of § 2401(b) 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Ramming*, 281 F.3d at 162. "Ascertaining [the plaintiff's] awareness of the existence of a possible cause of action has two elements: '(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.'" *Id*. (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "As to causation, [the plaintiff] need not have knowledge of fault in the legal sense for the statute to begin to run, but [the plaintiff] must have knowledge of facts that would lead a reasonable person (a) to conclude that there was a causal connection ... or (b) to seek professional advice, and then, with that advice, to conclude that there was a causal connection between [the defendant's] acts and [the plaintiff's] injury." *Id*. at 163; *see also United States v. Kubrick*, 444 U.S. 111 (1979) (holding that a cause of action under the FTCA accrues when the plaintiffs becomes aware of his injury and its cause, not when the plaintiff determines that his injury was the result of negligence).

Arguably, plaintiff's FTCA claims against the federal postal agents accrued no later than August 23, 2002, the date he filed the Memorandum of Law in Support of Amended Motion to Suppress in *United States v. Osamor*, No.4:01-cr-0764. Plaintiff's pleadings do not show that he presented a written tort claim to the appropriate federal agency within two years of the allegedly tortuous acts of the three postal inspectors or the date he filed the Memorandum, or that he filed the present suit after the expiration of six month period following the denial or

presumptive denial of his FTCA claim. Eight years have expired since the federal postal agents executed a search of plaintiff's home; accordingly, his FTCA action against these agents is barred by limitations.

Plaintiff's FTCA claim, therefore, is subject to dismissal.

State Law Claims

Plaintiff also seeks relief on state law claims "for trespass, negligence, defamation, impairment of reputation, personal humialiation [sic], intentional infliction of emotional distress, and violations of the constitution for the State of Texas." (Docket Entry No.1). He also complains that defendants impaired his right to privacy and cast him in a false light by their broadcast programs. (*Id.*).

A district court may decline to exercise supplemental jurisdiction over pendent state law claims once all claims over which it had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). In fact, the general rule in the Fifth Circuit is to decline to exercise jurisdiction over supplemental state law claims when the federal claims are dismissed before trial. *Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir. 1992). However, this rule is neither mandatory nor absolute. *Smith v. Amedisys, Inc.,* 298 F.3d 434, 447 (5th Cir. 2002).

By this Opinion, the original basis for jurisdiction is lost and only state tort claims remain. Such state law claims are "easily dispatched" and do not present novel issues of state law. The court has not addressed the merits of the claims raised in plaintiff's pleadings and has not considered the facts underlying plaintiff's state tort claims. Therefore, no duplicative judicial resources would be expended if plaintiff's state law claims were adjudicated by a state court. The interests of judicial economy, convenience, and fairness, therefore, weigh in favor of

declining supplemental jurisdiction over the remaining state law claims. Accordingly, plaintiff's state law claims are dismissed without prejudice to plaintiff refiling such claims in state court.

## CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

1. The present civil action is DISMISSED.

2. Plaintiff's federal constitutional and statutory claims against all defendants are DISMISSED with prejudice under 28 U.S.C. §1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief maybe granted.

3. Plaintiff's state law claims are DISMISSED without prejudice to plaintiff refiling such claims in state court.

4. All pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the parties and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 19th day of May, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE